UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KYLE O. HOLT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-CV-557 JD |
| | ) | |
| BSI FINANCIAL SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Kyle Holt fought a foreclosure proceeding in state court for many years. When he finally lost in that action and the property was sold at auction, he turned to federal court, asking this Court to vacate the foreclosure and give him back the deed to the property. He also argues that the defendants should not have taken possession of the property while he was still trying to contest the foreclosure, and that some of his belongings were lost or damaged after they were removed from the property. In his amended complaint, Mr. Holt sued three defendants, each of which have moved to dismiss. Mr. Holt's claims face a number of jurisdictional and substantive impediments. First, one of the defendants moves to dismiss for lack of personal jurisdiction and for improper service, as it is an entity based in Luxembourg that has no contacts with Indiana. All of the defendants also move to dismiss for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine, as this Court has no jurisdiction to review a judgment from a state court, and thus cannot vacate the foreclosure judgment or return the property to Mr. Holt. Finally, the defendants argue that the claims fail even on their merits. The Court addresses each of the arguments in turn, and grants the motions to dismiss for the reasons explained below.

**A.     Factual Background**

Plaintiff Kyle Holt owned property in Granger, Indiana, that was secured by a mortgage. Mr. Holt fell behind on his mortgage payments, so his lender at the time, Countrywide Home Loans, initiated foreclosure proceedings in state court in St. Joseph County, Indiana. A judgment of foreclosure was entered in April 2009. Years of delays then ensued. At some point, Countrywide assigned its interest in the foreclosure judgment to "Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4" ("Christiana Trust"), and BSI Financial Services took over as the mortgage servicer. Finally, in June 2015, the state court ordered that the property be sold at a sheriff's auction, and the sale took place in August 2015, after the state court denied an emergency motion to vacate the sale. The property was sold to Christiana Trust, and the sheriff granted Christiana Trust the deed to the property on August 20, 2015.

In the meantime, Mr. Holt purported to send a notice of rescission under the Truth in Lending Act to BSI Financial in July 2015 (even though the mortgage had already been foreclosed and the deadline for a notice of rescission had passed years before, *see Mains v. Citibank, N.A.*, 852 F.3d 669, 677 (7th Cir. 2017)). Though the property was sold and transferred to Christiana Trust in August 2015, Mr. Holt did not vacate the property. Accordingly, in October 2015, Christiana Trust moved in the state court for a writ of assistance in order to take possession of the property. Mr. Holt did not respond. On November 16, 2015, the state court granted the writ of assistance. The order declared that Christiana Trust "is entitled to the immediate possession" of the property. [DE 51-8]. It also directed the sheriff "to enter into and upon the subject real estate and remove [Mr. Holt] or any persons residing therein, together with all personal property." *Id.*

2

On November 24, 2015, Mr. Holt, by counsel, filed a complaint in this case, asserting a claim against Countrywide under the Truth in Lending Act, alleging that it failed to properly respond to his notice of rescission. The following week, on December 1, 2015, Mr. Holt's attorney filed a motion in state court to stay the writ of assistance, arguing that the writ should be stayed because he was asking a federal court in this case to void the judgment of foreclosure in the state court. Mr. Holt alleges that his attorney then called and spoke to an attorney for Christiana Trust, who said that they would not perform the lockout at that time. However, when Mr. Holt returned to the property that evening, his belongings were being loaded into trucks by a company called "C and S Roofing," which Mr. Holt alleges had been hired by an entity named "Altisource." Mr. Holt and his attorney notified the movers that they were disputing the foreclosure and that the lockout was not supposed to be performed, but the movers went forward and moved the belongings in the property to a storage facility. Mr. Holt has since retrieved the belongings, but he alleges that some of them were lost or damaged in the process.[1] The state court later denied the motion to stay the writ of assistance.

In this case, Countrywide moved to dismiss Mr. Holt's complaint. After that motion was fully briefed, Mr. Holt's attorney had to withdraw as counsel, and Mr. Holt began proceeding pro se. The Court held off ruling on the motion to dismiss so that Mr. Holt could consider what claims he wished to pursue and whether he wished to advance any additional arguments. Mr. Holt offered an ambiguous response, suggesting that he may wish to proceed instead against different defendants. Accordingly, the Court dismissed the complaint with leave to amend, and

---

[1] He also alleges that after he claimed the belongings and moved them to another storage facility, that facility experienced flooding that damaged some of his belongings. However, he does not suggest how any party in this case could be liable for damages caused by a flood at a facility where he chose to store his belongings.

cautioned Mr. Holt as to some of the difficulties his claim under the Truth in Lending Act would face. Mr. Holt eventually filed an amended complaint. His amended complaint asserts a claim for negligence, arguing that the defendants negligently foreclosed on his mortgage without having the right to do so; a claim for "wrongful foreclosure," again arguing that the defendants improperly pursued the foreclosure; and a claim for "wrongful seizure of property," arguing that the defendants should not have executed the writ of assistance when they did and that some of his belongings were lost or damaged in the process.

As defendants, Mr. Holt named BSI Financial Services, Christiana Trust,[2] and Altisource. The Court has diversity jurisdiction under 28 U.S.C. § 1332, as Mr. Holt is a citizen of Indiana [DE 41 p. 2]; BSI Financial is corporation that is incorporated in Texas [DE 41 p. 2] and has its principal place of business in Texas [DE 31 ¶ 2]; Christiana Trust is a division of Wilmington Savings Fund Society, a corporation that is incorporated in Delaware and has its principal place of business in Delaware [DE 41 p. 2]; and Altisource is a citizen of the Grand Duchy of Luxembourg, as discussed below. The amount in controversy also exceeds $75,000, as set forth in Mr. Holt's jurisdictional supplement. [DE 41 p. 1–2]. The defendants have each moved to dismiss, and Mr. Holt, as a pro se litigant, was advised of his right to respond and of the burdens that applied to the respective bases for dismissal. Mr. Holt filed a response, and the motions are now ripe.

---

[2] The amended complaint actually named two different entities: "Christiana Trust," and "Wilmington Savings Fund Society." However, the magistrate judge granted an unopposed motion to correct the party name, and substituted "Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity, but as Trustee of ARLP Trust 4" in place of those defendants.

**B.      Personal Jurisdiction as to Altisource**

First, Altisource moves to dismiss for lack of personal jurisdiction pursuant to Rule

12(b)(2). Altisource indicates that there is no entity whose name is simply "Altisource," but that

there are a number of entities, both foreign and domestic, whose name includes "Altisource." It

further indicates that the entity that Mr. Holt named in the complaint and purported to serve[3] is

Altisource Solutions S.à r.l., a société à responsabilité limitée, which is headquartered in and

organized under the laws of the Grand Duchy of Luxembourg.[4] Altisource submitted an affidavit

stating that this entity has never done any business in Indiana, has never had an office in Indiana

or anywhere in the United States, did not perform any services with respect to the property at

issue, and has never interacted with Mr. Holt. [DE 56-9]. Accordingly, it argues that it is not

subject to personal jurisdiction in this Court.

A motion to dismiss for lack of personal jurisdiction argues that the Court lacks

jurisdiction over an out-of-state defendant because that defendant does not have sufficient

contacts with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985)

---

[3] Altisource further argues that Mr. Holt's attempt to serve it by regular mail does not satisfy the requirements for serving foreign parties, so it moves to dismiss under Rule 12(b)(5). Because the Court finds that Altisource is not subject to personal jurisdiction, the Court need not reach this alternative basis for dismissal.

[4] Mr. Holt's supplement in support of diversity jurisdiction alleged that Altisource is a "corporation" that originated and was headquartered in Luxembourg. [DE 41]. It is not clear that a Luxembourg S.á r.l. qualifies for treatment as a corporation for jurisdictional purposes. *See V&M Star, LP v. Centimark Corp.*, 596 F.3d 354 (6th Cir. 2010). However, even if this entity is treated as an unincorporated entity, in which case it would have the citizenship of each of its members or partners, it would still be a citizen of Luxembourg only. According to an affidavit attached to Altisource's motion, the sole shareholder of Altisource Solutions S.á r.l. is Altisource Holdings S.á r.l., whose sole shareholder is Altisource Portfolio Solutions S.A., which is a société anonyme that is headquartered in and organized under the laws of Luxembourg. [DE 56-9]. Such an entity does qualify for treatment as a corporation, *see Purdue Research Found.*, 338 F.3d at 775, n.2 (treating a French "S.A." as a corporation for diversity jurisdiction purposes), so Altisource is a citizen only of Luxembourg in either event.

("The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." (internal quotation omitted)). When a defendant moves to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), the plaintiff bears the burden of making a prima facie case for personal jurisdiction over the defendant. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). On such a motion, the Court may consider affidavits and materials outside the pleadings. *Id.* at 782–83. The Court may also consider any allegations in the complaint, but "once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Id.* at 783; *see also Swanson v. City of Hammond, Ind.*, 411 F. App'x 913, 915 (7th Cir. 2011) ("[W]e accept [the plaintiff's] allegations relating to personal jurisdiction as true except where the defendants refute them through undisputed affidavits.").[5]

Here, Mr. Holt did not respond to the assertions in Altisource's affidavit, so he failed to meet his burden of establishing that Altisource is subject to personal jurisdiction in this Court. According to Altisource's affidavit, it was formed in and has its headquarters in Luxembourg, and "has never done business in Indiana and does not transact any business in Indiana." [DE 56-9 p. 2]. It further states that it "does not have, and has never had, an office in Indiana or anywhere else in the United States," and "does not have, and has never had, any employees located in Indiana or anywhere else in the United States." *Id.* It also states that it "does not engage in property preservation services in Indiana," "did not perform services with respect to

---

[5] Altisource's motion correctly advised Mr. Holt of this burden, and its "Notice to Pro Se Litigant" likewise advised him of his need to respond to its motion with affidavits or evidence. [DE 58].

[Mr. Holt's] property," and "did not contract with or even communicate with [Mr. Holt] concerning his property or his mortgage." *Id.* These assertions are uncontradicted.

Accordingly, Altisource is not subject to general jurisdiction in Indiana, as it does not have continuous and systematic business contacts in Indiana. *Purdue Research Found.*, 338 F.3d at 787. Nor has it engaged in any conduct in or had contacts with Indiana relative to this suit, such that it could be subject to specific jurisdiction. Therefore, though there might be some other entity with "Altisource" in its name that could be sued in this jurisdiction, the party that Mr. Holt actually sued and served in this case—Altisource Solutions S.à r.l.—is not subject to personal jurisdiction in Indiana, so its motion to dismiss must be granted. Any claims against Altisource Solutions S.à r.l. are dismissed without prejudice for lack of personal jurisdiction.

## C.     Subject Matter Jurisdiction under *Rooker–Feldman*

The remaining defendants first seek to dismiss Mr. Holt's claims for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine. Under the *Rooker–Feldman* doctrine, federal courts other than the Supreme Court lack subject matter jurisdiction to hear cases that require them to review or set aside a state court judgment; only the Supreme Court can review the judgments of state courts. *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017) ("The *Rooker–Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced."). "Claims that directly seek to set aside a state-court judgment are *de facto* appeals that trigger the doctrine." *Id.* "Another way of expressing the same point is to ask whether the federal plaintiff is alleging that his injury was caused by the state-court judgment." *Id.* In short, *Rooker–Feldman* applies "where the plaintiff seeks relief that is tantamount to vacating the state judgment," but it does not apply if the claim "does not seek to vacate the judgment of the state court and instead seeks damages for independently unlawful conduct." *Id.*

7

Here, Mr. Holt's first two claims are clearly barred by the *Rooker–Feldman* doctrine. The

first claim asserts that the defendants were negligent in that they foreclosed on the property

without having the legal authority or proper documentation to do so. The second claim, for

"wrongful foreclosure," asserts that the wrong parties received the foreclosure judgment and that

there was "deception" in the foreclosure proceedings. In his prayer for relief, Mr. Holt asks that

the Court declare that the foreclosure of his residence was wrongful, issue him a new deed to the

property, and vacate and set aside the foreclosure. These claims fall squarely within the *Rooker–*

*Feldman* doctrine, as they assert that the injury was caused by the state foreclosure judgment,

and they explicitly ask this Court to vacate that judgment. *Mains v. Citibank, N.A.*, 852 F.3d 669,

675 (7th Cir. 2017); *Davenport v. Roundpoint Mort. Serv. Corp.*, 668 F. App'x 659, 659 (7th Cir

2016) ("[T]he federal lawsuit sought to 'clear title' to the foreclosed property and thus

represented an improper collateral challenge to the state-court judgment."); *Sturdivant v. U.S.*

*Bank, N.A.*, 653 F. App'x 466, 467 (7th Cir. 2016) (affirming a judgment that held that "[t]o the

extent [the plaintiff] sought an order declaring her to be the sole property owner" of the

foreclosed property, the claim was "barred by the *Rooker–Feldman* doctrine"); *Riddle v.*

*Deutsche Bank Nat'l Trust Co.*, 599 F. App'x 598, 600 (7th Cir. 2015) (holding that the

plaintiff's "federal lawsuit [challenging the judgment of foreclosure] is thus an attack on that

judgment and is barred by the *Rooker–Feldman* doctrine"); *Carpenter v. PNC Bank, Nat'l Ass'n*,

633 F. App'x 346, 347–489 (7th Cir. 2016); *Grisham v. Integrity First Bank*, No. 13-cv-587,

2014 WL 1315411, at *2 (W.D. Wis. Apr. 1, 2014) ("The Court of Appeals for the Seventh

Circuit has applied the *Rooker–Feldman* doctrine consistently to cases in which plaintiffs ask the

court to set aside a state court foreclosure judgment.") (collecting cases). The Court lacks

jurisdiction over those claims, so the motions to dismiss are granted to that extent, and those claims are dismissed without prejudice.

Mr. Holt's remaining claim is for "wrongful seizure of property." This claim arises out the execution of the writ of assistance, by which his personal property was removed and he was locked out of the property. To the extent Mr. Holt argues that the seizure was wrongful because the writ of assistance was invalid, or because the foreclosure judgment itself was invalid, this claim is likewise barred by the *Rooker–Feldman* doctrine for the same reasons. However, this claim also appears to challenge the manner in which the writ of assistance was executed. Mr. Holt argues that the defendants should not have executed the writ of assistance when he had notified them that he was contesting the foreclosure, and he also argues that some of his property was lost or damaged after it was removed.

To that limited extent, this claim is not barred by the *Rooker–Feldman* doctrine, as the claim does not challenge or seek to set aside the state judgment, but asserts that the defendants executed the judgment in an impermissible manner. The Seventh Circuit addressed a similar claim in *Brown v. Varan*, 322 F. App'x 453 (7th Cir. 2009), where the plaintiff alleged that she was unlawfully evicted despite the presence of an eviction order. Because the plaintiff did not challenge the eviction order itself, but contended that the order did not actually authorize the defendant's actions, the court held that the claim was not barred under the *Rooker–Feldman* doctrine. *Id.* at 454. Likewise, in *Dempsey v. JP Morgan Chase Bank, N.A.*, 272 F. App'x 499 (7th Cir. 2008), the plaintiff challenged the sale of his property pursuant to a state foreclosure judgment, and also claimed that the defendant executed the writ of assistance in an unreasonable manner. The court held that the former claim was barred under the *Rooker–Feldman* doctrine as a challenge of the state judgment. *Id.* at 502. However, it adjudicated the claim relating to the

9

execution of the writ of assistance on its merits, and dismissed that claim with prejudice. *Id.* at

503. Consistent with those cases, the Court finds that the *Rooker–Feldman* doctrine does not bar

Mr. Holt's claim to the extent he challenges the manner in which the defendants executed the

writ of assistance and took possession of the property, so the Court may consider that claim on

its merits.

**D.     Failure to State a Claim**

The defendants finally move to dismiss under Rule 12(b)(6) for failure to state a claim. In

reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under

Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff,

accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor.

*Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain

a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a

claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise

a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). The Court liberally construes pleadings by pro se plaintiffs. *Erickson v. Pardus*, 551 U.S.

89, 94 (2007).

As just discussed, the only claim over which this Court has jurisdiction contests the

manner in which the writ of assistance was executed. However, Altisource has already been

dismissed for lack of personal jurisdiction, so the Court need not consider whether this claim

would state a claim against that defendant. In addition, the complaint contains no allegations

suggesting that BSI Financial had any involvement in this aspect of Mr. Holt's claims. The

complaint alleges only that BSI Financial was a mortgage servicer, but its involvement in that

capacity would have ceased once the mortgage was foreclosed and the property was sold at

auction. BSI Financial did not purchase the property, and the complaint does not allege that it had any involvement in taking possession of the property, so BSI Financial's motion to dismiss is granted as to this claim.

That leaves the claim against Christiana Trust. Mr. Holt first appears to assert that Christiana Trust wrongfully seized the property because it executed the writ of assistance even though he had notified it that he "was disputing the foreclosure." However, Mr. Holt had already lost that dispute: the state court entered a judgment of foreclosure, the property was sold at a Sheriff's auction in August 2015 and a deed to the property was granted to Christiana Trust, and the state court granted a writ of assistance on November 16, 2015. That order stated that Christiana Trust "is entitled to the *immediate* possession of the real estate," and it directed the Sheriff to enter the property and remove any persons or personal property. [DE 51-8 (emphasis added)]. Once the property was sold at auction, Mr. Holt no longer owned it, and when he refused to leave, the court granted a writ of assistance directing the Sheriff to remove him from the property. Two weeks later, after Mr. Holt admits he had received the order, he had still not moved out, so his personal property was removed from the property pursuant to the writ, which granted Christiana Trust "immediate possession" of the property. As the Seventh Circuit held in dismissing a similar claim in *Dempsey*, "the sheriff has the 'right and duty' to execute the writ [of assistance] immediately upon receiving it," so a party cannot complain that the writ was executed without delay. *Dempsey*, 272 F. App'x at 503 (quoting 7 C.J.S. Writ of Assistance § 14) (noting also that the plaintiff "could have avoided his trouble by moving out voluntarily and promptly when Chase obtained title to the property as opposed to forcing Chase to utilize the sheriff's department to enforce the court's decision").

Mr. Holt also notes that his attorney had filed an emergency motion to stay the writ, but the filing of such a motion would not have suspended the effectiveness of the writ of assistance, *see* Ind. Tr. R. 62, so Christiana Trust was entitled to take possession of the property notwithstanding Mr. Holt's continuing attempts to escape the state court's judgment. Mr. Holt further alleges that an attorney for Christiana Trust told his attorney that they would wait for the state court to rule on the motion before executing the writ. But he does not allege that he detrimentally relied on that statement—that he would have moved his belongings out of the property before the writ was actually executed (only hours later) absent that statement—as would be required to sustain a claim on that basis. To the contrary, he indicates that he intended to remain at the property at least until the state court ruled on the motion to stay [DE 59 ¶ 14], even though he had already been ordered to leave weeks earlier. The complaint also indicates that Mr. Holt's attorney did not even file the motion to stay or contact Christiana Trust's attorney until the same day the writ of assistance was executed, [DE 31 ¶¶ 14–18], and the complaint offers no suggestion that the belongings would have been removed that day but for the alleged statement. Nor did Mr. Holt have any basis to expect that the writ of assistance would not have already been executed in the preceding weeks, before his attorney even requested a delay. Therefore, Mr. Holt cannot complain about the timing of the execution of the writ—Christiana Trust was entitled to immediate possession of the property even if Mr. Holt refused to accept the writ's issuance and continued trying to delay its execution—so his claim is dismissed to that extent.

Finally, Mr. Holt's complaint notes that some of his belongings were lost or damaged in the process of removing them from the property and storing them. However, he does not allege that Christiana Trust was the party that actually performed the lockout and removed the belongings. Rather, he alleges that "Altisource" hired another party, "C and S Roofing," to

12

remove the belongings and place them in a storage facility. In Indiana, a party "generally cannot be held liable for the negligence of an independent contractor." *Sword v. NKC Hospitals, Inc.*, 714 N.E.2d 142, 148 (Ind. 1999); *Selby v. N. Ind. Public Serv. Co.*, 851 N.E.2d 333, 337 (Ind. Ct. App. 2006) ("As a long-standing general rule, a principal is not liable for the negligence of an independent contractor whom he employs."). Thus, even if Mr. Holt's belongings were lost or damaged due to somebody's negligence, he does not identify a basis upon which Christiana Trust could be held liable for that negligence. Therefore, this aspect of Mr. Holt's claim fails to state a claim for which relief can be granted against Christiana Trust as well, so its motion to dismiss is also granted in that respect.

In sum, all of the claims in this action have been dismissed, either for lack of personal or subject matter jurisdiction or for failure to state a claim. The Court does not believe that granting Mr. Holt leave to file another amended complaint is warranted, either. Mr. Holt has already filed one amended complaint (after multiple extensions of time and missed deadlines), after the Court identified the deficiencies in his initial complaint. [DE 25]. He also offered additional factual support for his claims in his response to the motions to dismiss. However, the main emphasis of his amended complaint is an attack on the state court's judgment of foreclosure, which this Court lacks jurisdiction to address, and that problem could not be cured in an amended pleading. As to the narrow claim over which this Court does have jurisdiction, Mr. Holt has given no reason to believe that he could state a claim against any of the existing defendants if permitted to file another amended complaint. If Mr. Holt wishes to pursue a claim for the loss or damage of his belongings, he would likely need to do so against different parties, but that could be done in another proceeding, and because the sole basis for jurisdiction in this case is diversity, it is

possible that Mr. Holt could not join those parties as defendants in this case. Accordingly, the Court will direct the Clerk to enter judgment and close this case.

**E.     Conclusion**

For those reasons, the Court GRANTS each of the defendants' motions to dismiss. [DE 39, 50, 57]. The claims against Altisource are dismissed for lack of personal jurisdiction. The remaining claims are dismissed for lack of subject matter jurisdiction to the extent they seek to review or modify the judgment in the state court foreclosure proceeding, and for failure to state a claim to the extent they contest the manner in which the writ of assistance was executed, as explained above. The Clerk is DIRECTED to enter judgment in accordance with this order.

SO ORDERED.

ENTERED:  August 10, 2017

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court